UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KRISTI VUKSANOVICH,<br>MARK VUKSANOVICH,<br><br>    Plaintiffs,<br><br>    v.<br><br>AIRBUS AMERICAS, INC,<br>AIRBUS AMERICAS ENGINEERING, INC.,<br>AIRBUS S.A.S.,<br><br>    Defendants. | Case No. 1:21-cv-03454-KPF<br><br>STIPULATION AND PROTECTIVE ORDER |

KATHERINE POLK FAILLA, United States District Judge:

 WHEREAS all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material thatwill be exchanged pursuant to and during the course of discovery in this action;

 WHEREAS, the Parties, through counsel, agree to the following terms;

 WHEREAS, the Parties acknowledge that this Stipulation and Protective Order ("Protective Order") does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

 WHEREAS, the Parties further acknowledge that this Protective Order does not by itself create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any Party covered by this Protective Order shall have the right to designate as "Confidential" and subject to this Protective Order any information, document, or thing, or portion of any document or thing that: (a) is alleged to contain proprietary information or competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) contains private or confidential personal information, including personal data subject to federal, state, and/or foreign data protection laws or other privacy obligations, including without limitation Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data ("General Data Protection Regulation" or "EU GDPR"); (c) contains information received in confidence from third parties; or (d) the designating Party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure (hereinafter "Confidential Information").

2.	Any Party to this action who produces, discloses, or receives in this action any Confidential Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall be entitled to mark the same—or where impractical to label via a cover letter—as "CONFIDENTIAL."

3.	Any Party to this action shall have the right to designate as "Highly Confidential," and subject to this Order, any information, document, or thing, or portion of any document or thing that is alleged to contain trade secrets or other highly confidential research, development, sensitive personal information or other categories of personal data specified in the EU GDPR, or commercial information (hereinafter "Highly Confidential Information").

4.	Any Party to this action who produces, discloses, or receives in this action any Highly Confidential Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall be entitled to mark the same—or where impractical to label via a cover letter—as "HIGHLY CONFIDENTIAL."

5.	The Confidential Information and Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

6.	In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution,the challenging Party may seek resolution by the Court. A Party objecting shall so notify the otherParty in writing setting forth with specificity the information that he or she contends is not Confidential Information or Highly Confidential Information and attempt to resolve the dispute through a meet and confer session. If this attempt is not successful, the objecting Party may file an objection with the

Court for a ruling that the document, information, or testimony not be treated as Confidential Information or Highly Confidential Information. The disputed documents or other materials and information shall be treated as Confidential Information or Highly Confidential Information pending a ruling from the Court.

7. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information or Highly Confidential Information disclosed in this case is relevant or admissible.

8. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential Information or Highly Confidential Information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential [and/or Highly Confidential] Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded (or 21 days after receipt of the final transcript, whichever is later) (hereinafter, the "Designation Period"), of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the Designation Period, the entire deposition transcript will be treated as if it had been designated Confidential, unless previously designated as Highly Confidential.

9. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of material that she, he, or it had previously produced without limitation should be

designated as Confidential Information or Highly Confidential Information, she, he, or it may so designate by so apprising all prior recipients of the material in writing, and such designated material will thereafter be deemed to be and treated as Confidential Information or Highly Confidential Information under the terms of this Protective Order.

10. No person subject to this Protective Order other than the producing person shall disclose any of the Confidential Information or Highly Confidential Information to any other person whomsoever, except those identified in parts (a) - (j) below for Confidential Information and parts (c) - (j) for Highly Confidential Information:

(a) the Parties to this action and their insurers;

(b) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the Agreement to be Bound by the Protective Order in the form annexed as an Exhibit hereto as described in Paragraph 11;

(c) outside counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(d) in-house counsel for the Parties to this action and their insurers, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(e) outside vendors or service providers (such as copy-service providers, discovery vendors, document-management consultants, graphic production services, or other litigation support services) that outside or in-house counsel hire and assign to this matter, provided such outside vendor or service provider has first executed the Agreement to be Bound by the Protective Order in the form annexed as an Exhibit hereto as described in Paragraph 11;

(f) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the Agreement to be Bound by the Protective Order in the form annexed as an Exhibit hereto as described in Paragraph 11;

(g) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(h) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (hereinafter, "Expert(s)"), provided such Expert has first executed the Agreement to be Bound by the Protective Order in the form annexed as an Exhibit hereto as described in Paragraph 11 and disclosed according to Paragraph 12;

(i) stenographers and interpreters engaged for depositions in this action, provided such person has first executed the Agreement to be Bound by the Protective Order in the form annexed as an Exhibit hereto as described in Paragraph 11; and

(j) this Court, including any appellate court, and the court reporters and support personnel for the same.

11. Prior to any disclosure of any Confidential Information or Highly Confidential Information to any person referred to in subparagraphs 10(b), 10(e), 10(f), 10(h), or 10(i) above, such person or entity shall be provided by counsel with a copy of this Protective Order and shall sign the Agreement to be Bound by the Protective Order in the form annexed as an Exhibit hereto stating that the person or entity has read this Protective Order and agrees to be bound by its terms.

12. Further, prior to any disclosure of any Highly Confidential Information to any Expert referred to in subparagraph 10(h) above, the following additional procedure shall be followed:

      (a) the Expert's signed Agreement to be Bound by the Protective Order shall be provided to the producing Party at least five calendar days prior to the disclosure of the producing Party's Highly Confidential Information to the Expert;

      (b) if no objection to disclosure of Highly Confidential Information to the Expert is received within five calendar days of the Expert's disclosure, Highly Confidential Information may be disclosed to the Expert;

      (c) if the producing Party objects to the Expert being provided with its Highly Confidential Information, the receiving Party may not disclose the producing Party's Highly Confidential Information until the Court has resolved the dispute, so long as the producing Party seeks relief from the Court within ten calendar days of receiving notice of the Expert from the receiving Party.

    13.     Recipients of Confidential or Highly Information under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use such material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

    14.     Nothing in this Protective Order shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. In the event that any Party (including a Qualified Person) is requested to produce

Confidential or Highly Confidential, outside of the action, pursuant to a request for production of documents or information, interrogatory, request for admission, subpoena, deposition or other form of discovery, the Party will object and refuse to disclose such information on the basis of this Protective Order. In the event that a Party receives a request to produce any Confidential Information or Highly Confidential, or if a Party is served with a motion to compel production of documents or information or a subpoena (in the event that the subpoena may not be objected to) that demands the disclosure of such material, they will immediately notify the party who provided the subject information (the "Providing Party") of the request, demand, motion, or subpoena. The party will allow the Providing Party thirty (30) days, or the maximum amount of time available, to contest its disclosure.  If the Providing Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to this Protective Order before a determination by the court unless otherwise required by the law or court order.  To the extent that the Providing Party is ordered to disclose any personal data or other confidential information covered by the EU GDPR, the parties agree to narrowly tailor the confidential information to be disclosed, such that the Providing Party discloses only what is necessary to comply with the applicable request.

15. Nothing in this Protective Order shall preclude any Party from disclosing requests served upon it to local or national authorities, as required by law.  In particular, this Protective Order permits compliance with the French Blocking Statute, codified as Decree No. 2022-207 dated February 18, 2022, as follows:

(a) Any requests served on any French entity may be disclosed to the French Strategic Intelligence and Economic Security Service, prior to producing documents.

(b) The French entity's disclosure requirements shall not cause any delay in its timely responses to requests for production, in accordance with Federal Rule of Civil Procedure 34.

(c) To the extent that Decree No. 2022-207 requires the presence of a Commissioner at any depositions or any other proceedings seeking information from persons employed by a French entity, the parties agree to permit the presence of a Commissioner during such proceedings.

(d) To the extent that any foreign entity appoints a Commissioner to take evidence pursuant to the Hague convention or other applicable foreign laws, no party will object to the appointment of such Commissioner, provided that the appointment will not alter the scope of documents to be produced by the foreign entity nor undermine the foreign entity's compliance with the Federal Rules of Civil Procedure or this Court's rules and orders.

16. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 9 of this Court's Individual Rules of Practice in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers, unless permitted by Federal Rule of Civil Procedure 5.2 or Rule 9 of this Court's Individual Rules of Practice in Civil Cases.

17. All persons seeking to file documents that were designated by another person as Confidential or Highly Confidential shall not file the documents without first (a) obtaining permission from the producing party to file the documents publicly or with redactions (consistent with Rule 9(A) of this Court's Individual Rules of Practice in Civil Cases), or (b) seeking leave of Court to file the documents with redactions or under seal.

18. If the need arises during trial or at any hearing before the Court for any party to disclose in court documents or information designated as Confidential or Highly Confidential, it may do so only after giving notice to the designating party and as directed by the Court.

19. Each person who has access to material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosureof such material.

20. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) or information marked as Confidential or Highly Confidential information and subject to the European Union's General Data Protection Regulation (EU GDPR) or other applicable data protection laws that are exchanged in discovery shall be maintained by the persons who receive such information and arebound by this Protective Order in a manner that is secure and confidential. Each Party undertakes to implement appropriate technical and organizational measures to ensure the security of the PII, including reasonable steps to protect against a breach of security, both during the transmission and storage of data. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same, take appropriate measures to mitigate possible adverse effects of such data breach, and cooperate with the producing person to address and remedy the breach. Each Party shall ensure that all persons authorized to access PII agree to maintain the confidentiality of PII. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

21. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Highly Confidential Information that should have been designated as Confidential or Highly Confidential, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to

any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by written notification to counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential or Highly Confidential within a reasonable time after disclosure. The Party responsible for any inadvertent disclosure should ensure the return or destruction of the disclosed information, to the extent necessary to remedy the disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Highly Confidential under this Protective Order.

22. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

23. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or relief from any of its terms.

24. This Protective Order shall survive the termination of the action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

25. Within 30 days of the final disposition of this action (including any appeals), all material designated as Confidential or Highly Confidential and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. If the producing Party agrees to destruction of the materials, the destruction of such materials shall be confirmed by the receiving Party.

26. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

/s/ *John T. Martin*                                                    /s/ *Christopher M. Odell*

Dated: 08/22/2022                                                    Dated: 08/22/2022

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The Court
will retain jurisdiction over the terms and conditions of this agreement
only for the pendency of this litigation.  Any party wishing to make
redacted or sealed submissions shall comply with Rule 9 of this Court's
Individual Rules of Civil Procedure.
```

SO ORDERED

*Katherine Polk Failla*

Katherine Polk Failla
United States District Judge

Dated: August 23, 2022

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTI VUKSANOVICH,<br>MARK VUKSANOVICH,<br><br>　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>AIRBUS AMERICAS, INC,<br>AIRBUS AMERICAS ENGINEERING, INC.,<br>AIRBUS S.A.S.,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-03454-KPF<br><br>**Agreement to be Bound by the Protective Order** |

I, _____(Full Name), pursuant to Title 28, United States Code, Section 1746, declare under penalty of perjury that:

　　1.　　My address is _____.

　　2.　　My present employer is _____ and the address of my present employment is _____. If applicable, I am authorized to execute this Agreement to be Bound by the Protective Order on behalf of _____.

　　3.　　My present occupation or job description is _____.

　　4.　　I have carefully read and understood the provisions of the Stipulation and Protective Order (the "Protective Order") in this case signed by the Court.

　　5.　　I will comply with all provisions of the Protective Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order.

6. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential or Highly Confidential Information or any words, summaries, abstracts, or indices of Confidential or Highly Confidential Information disclosed to me.

7. I will limit use of Confidential or Highly Confidential Information disclosed to me solely for purpose of this action.

8. Not later than the final conclusion of this action, I will return and/or destroy all Confidential and Highly Confidential Information and summaries, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party for whom I was employed or retained. At or about the same time, I will also describe in writing and with reasonable detail the procedures that I have employed to search for and destroy all Confidential and Highly Confidential Information and summaries, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, including in electronic form, and will disclose such description to counsel for all Parties.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Dated: _____