**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

KRISTI VUKSANOVICH,
MARK VUKSANOVICH,

        Plaintiffs,

        v.

AIRBUS AMERICAS, INC,
AIRBUS S.A.S.,

        Defendants.

Case No. 21 Civ. 3454 (KPF)

---

**ORDER GRANTING JOINT APPLICATION TO APPOINT COMMISSIONER**
**FOR DISCOVERY IN FRANCE AND ISSUE REQUEST FOR**
**INTERNATIONAL JUDICIAL ASSISTANCE UNDER CHAPTER II OF HAGUE**
**CONVENTION**

Upon review and consideration of the parties' November 3, 2022 Joint Application to

Appoint Commissioner and Data Privacy Monitor and Issue Request for International Judicial

Assistance Under Chapter II of the Hague Convention of 18 March 1970 on the Taking of

Evidence Abroad in Civil or Commercial Matters, the Court **HEREBY ORDERS:**

1.      The parties' Joint Application for International Judicial Assistance in the

Appointment of a Commissioner and Data Privacy Monitor Pursuant to the Hague Convention

of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters is

approved;

2.      The Request for International Judicial Assistance in the Appointment of a

Commissioner and Data Privacy Monitor Pursuant to the Hague Convention of 18 March 1970

on the Taking of Evidence Abroad in Civil or Commercial Matters ("Request for Judicial

Assistance") is issued at the Court's direction and is incorporated herein;

3.      Alexander Blumrosen is hereby appointed, pending the approval of the Ministère de la Justice of France and subject to the terms and limitations of the Request for Judicial Assistance, and other provisions of this Order, (a) as the Commissioner: 1) to take evidence in the above-captioned action to the extent such evidence is agreed by the parties or ordered by this Court, 2) to receive documents agreed by the parties or ordered by this Court to be produced, and to transmit the documents to counsel for Plaintiffs, and 3) to be present at any depositions, including those taken pursuant to Federal Rule of Civil Procedure 30(b)(6), involving Airbus S.A.S.'s employees located in France to observe those proceedings for the taking of evidence, and (b) to the extent "personal data" would be disclosed under French law, as the Privacy Monitor to assist the parties in satisfying French personal data protection laws, in liaison with the French personal data protection authority (CNIL);

4.      This signed Order and signed Letter of Request for Judicial Assistance will be given to counsel for Defendant Airbus S.A.S., who will file both documents, along with French translations of both documents and Exhibits 1-4, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, département de l'entraide, du droit international privé et européen (DEDIPE), 13, Place Vendôme, 75042 Paris Cedex 01, France;

5.      After the signing of this Order, counsel for the parties will use their best efforts to obtain permission by the Ministère de la Justice to Authorize the Commissioner and Privacy Monitor to Take Evidence Pursuant to Chapter II, Article 17 of The Hague Evidence Convention as soon as possible;

6.      After the Ministère de la Justice authorizes the Commissioner to take evidence as is set forth in the Request for Judicial Assistance, Airbus S.A.S. shall produce such relevant, non-privileged documentation, responsive to discovery propounded by Plaintiffs, as agreed by

2

the parties or as ordered by this Court and subject to the terms of the ESI Protocol [ECF No. 88] and the Protective Order [ECF No. 90] previously entered by the Court;

7.      This Order is not intended to, and shall not, confer upon the Commissioner the authority to determine the scope of documents required to be produced by Airbus S.A.S., or the scope of questions permitted to be asked by Plaintiffs and required to be answered by Airbus S.A.S.;

8.      Neither this Order, the production of documents pursuant to Chapter II of The Hague Evidence Convention, nor the terms of the Letter of Request for Judicial Assistance shall constitute or operate as a waiver of the attorney-client privilege, the work product doctrine, French Confidentiality Law or any other privileges, rights, protections, or objections that may apply to that evidence under the laws of France, or of the United States. Documents withheld on the basis of any privilege shall be so identified in an appropriate privilege log, with the date(s) of service of such privilege log to be agreed upon by the parties.

**IT IS SO ORDERED.**

Dated: New York, New York

           November 4         , 2022

Hon. Katherine Polk Failla
United States District Court
Southern District of New York