**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
KRISTI VUKSANOVICH, et al,

                           Plaintiffs,                    **21-CV-3454 (JHR) (VF)**

                 -against-

                                              **OPINION & ORDER**

AIRBUS AMERICAS, INC., et al,

                         Defendants.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

On April 12, 2024, Plaintiff Kristi Vuksanovich filed a letter motion seeking an order allowing her independent medical examination to be video or audio recorded or, alternatively, for there to be a stenographer present during the examination. See ECF No. 164. Defendants Airbus Americas, Inc. and Airbus S.A.S. oppose the request. See ECF No. 166. For the reasons explained below, the motion is **DENIED**.

## BACKGROUND

This lawsuit stems from claims by Plaintiff that her repeated exposures to harmful contaminants while working as a flight attendant for JetBlue Airways caused her to suffer traumatic brain injuries. See, e.g., ECF No. 10 at ¶¶ 2, 56-74, 87-90, 97. Defendants requested a neuropsychological examination of Plaintiff by Dr. Bonnie Levin, a professor of Neurology at the University of Miami. See ECF No. 166-1. Plaintiff did not object to the request for an examination, but asked that the examination be recorded, whether through video, audio, or a stenographer. See ECF No. 164 at 3.

Plaintiff contends that a recording of the examination is necessary to accurately preserve what occurred during the examination, and to assist in counsel's ability to adequately prepare for a cross examination of Dr. Levin. Id. 3-5. Counsel argues that Plaintiff's brain injuries will

prevent her from being able to explain to her attorneys what happened during the examination. Id. Conversely, Defendants contend that recording the examination will undermine the integrity of the examination and Plaintiff has offered no evidentiary support for her claim that she cannot explain to her counsel what transpired during the examination. See ECF No. 166 at 3-4; see also ECF No. 166-1. In support of their opposition, Defendants submitted a sworn declaration from Dr. Levin, where she explained that recording a neuropsychological examination is inconsistent with accepted testing standards and has the risk of undermining the reliability of the examination. See ECF No. 166-1 at ¶¶ 2-4.

**DISCUSSION**

Federal Rule of Civil Procedure 35 provides for the mental or physical examination of a party. In pertinent part, Rule 35 allows a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). Although Rule 35 is "silent on the question of who may attend" the examination, Tirado v. Erosa, 158 F.R.D. 294, 297 (S.D.N.Y. 1994), the rule "permits the court to include in its order such protective conditions as are deemed appropriate," pursuant to the authority in Rule 26(c). Hirschheimer v. Assoc. Metals & Minerals Corp., No. 94-CV-6155 (JKF), 1995 WL 736901, at *2 (S.D.N.Y. Dec. 12, 1995) (explaining that Rule 26(c) permits the court to protect a party from annoyance or embarrassment where justice so requires).

Federal Rule of Civil Procedure 26(c) allows a court to issue a protective order to "relieve a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). This provision also "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle

Times Co., v. Rhinehart, 467 U.S. 20, 36 (1984). To obtain a protective order, the moving party

must show good cause. Rance v. Jefferson Vill. Condo. No. 5, No. 18-CV-6923 (JCM), 2019 WL

12373336, at *4 (S.D.N.Y. Sept. 23, 2019). "Broad allegations of harm unsubstantiated by

specific examples will not suffice to show good cause." Id. (quoting Hirschheimer, 1995 WL

736901, at *3).

Rule 35 does not address whether a recording device or third party may be present during

a mental or physical examination. However, typically examinations under Rule 35 are not

recorded, Newman v. San Joaquin Delta Cmty. Coll. Dist., 272 F.R.D. 505, 514 (E.D. Cal. 2011),

and recordings of such examinations are disfavored, Ornelas v. S. Tire Mart, LLC, 292 F.R.D.

388, 397 (S.D. Tex. 2013). See also Rance, 2019 WL 12373336, at *4 (explaining that "there is a

presumption against the presence of third persons" at a medical examination). Recordings are

disfavored because "[t]he introduction of a human or mechanical presence—whether a lawyer, a

stenographer, a tape recorder, or other instrumentality—changes the nature of the proceeding."

Tirado, 158 F.R.D. at 299; see also Rance, 2019 WL 12373336, at *4 (noting that a third party's

presence at an examination may cause a "distraction" and diminish the accuracy of the

examination). A party seeking to record an examination bears the burden of showing the

existence of "special circumstances" necessitating a recording. Rance, 2019 WL 12373336, at

*4; Reyes v. City of N.Y., No. 00-CV-2300 (SHS), 2000 WL 1528239, at *3 (S.D.N.Y. Oct. 16,

2000).

Plaintiff has not established the existence of special circumstances warranting a recording

of her neuropsychological examination by Dr. Levin. First, Plaintiff has offered only

unsubstantiated assertions that her injuries and condition will hamper her ability to assist her

attorneys in the cross examination of Dr. Levin. Plaintiff's reliance on Di Bari v. Incaica Cia

Armadora, S.A., 126 F.R.D. 12 (E.D.N.Y. 1989)—a case where the court permitted a court reporter to be present for the Rule 35 examination—is misplaced. The plaintiff in that case was "not well educated" and had "difficulty with the English language." Id. at 14. Because of the plaintiff's language barrier, the court reasoned that his "ability to communicate to his counsel what occurred during the psychiatric examination may be seriously impaired," thus warranting the presence of a court reporter during the examination. Id. Such circumstances do not exist here. Nowhere does Plaintiff contend that she is not a native English speaker. And plaintiff has not offered any evidentiary support from which to conclude that she will be unable to assist her attorney concerning what occurred during the examination. See Picinich v. Cnty. of Nassau, No. 18-CV-2018 (GRB) (JMW), 2022 WL 3704217, at *2 (E.D.N.Y. Aug. 26, 2022) (denying request to have third party present during examination where plaintiff did "not state any fact to suggest [examiner] will use improper techniques or will be unable to properly communicate with [p]laintiff").

Second, Plaintiff's concern that without a recording Dr. Levin may misreport what occurred during the examination or omit findings is speculative. That concern also does not establish special circumstances warranting a recording of the examination. Relying on a study that examined 20 defense medical examinations, Plaintiff contends that the misreporting of examinations is a widespread issue. See ECF No. 164 at 4-5. But the study Plaintiff relies on did not concern Dr. Levin and the examinations she has conducted. Plaintiff has not offered any evidence to support an argument that Dr. Levin will misreport or improperly conduct the examination here. Moreover, Plaintiff's counsel will have an opportunity to depose Dr. Levin. Counsel will therefore be able to ask Dr. Levin questions about the procedures used during the examination and her findings. In any case, "effective cross-examination of the adverse expert

4

does not depend upon establishing that he has lied about what took place at the examination or committed some 'impropriety.'" Tirado, 158 F.R.D. at 299; see also Picinich, 2022 WL 3704217, at *2 ("Summarily stating, without more, that the presence of a third party would certainly aid in cross-examination of the expert as well as reduce the risk of any impropriety during the examination itself is insufficient.") (internal quotation marks and citations omitted).

In short, Plaintiff has failed to articulate special circumstances warranting a recording of the neuropsychological examination given the consensus in the case law that such recordings are disfavored.

## CONCLUSION

For the reasons discussed herein, Plaintiff's request for an order permitting the recording of her Rule 35 examination is **DENIED**.

**SO ORDERED.**

DATED:        New York, New York
              May 6, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge

5