UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KRISTI VUKSANOVICH et al.

                              Plaintiff,                    **21-cv-3454-JHR-VF**

          -against-                           **ORDER ON MOTION TO SEAL**

AIRBUS GROUP HQ, INC., et al,

                              Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      Defendants' motion to seal (ECF No. 177) certain exhibits attached to ECF No. 179 is **GRANTED in part and DENIED in part**. As to ECF No. 179-1, Defendants have made a showing that permanent sealing is appropriate because the document contains the confidential medical information of Plaintiff Kristi Vuksanovich. As to ECF No. 179-2, the parties are granted a provisional seal until **September 27, 2024**.

      That exhibit contains excerpts of the deposition of Plaintiff's expert. Defendants have made a showing that the transcript at issue contain materials which could be sealed under the factors set forth in <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 119 (2d Cir. 2006). However, even where, as here, sealing is appropriate, that sealing must be "narrowly tailored," so that a court should "seal only that information that needs to be sealed in order to preserve higher values." <u>Signify Holding B.V. v. TP-Link Rsch. Am. Corp.</u>, No. 21-CV-9472, 2022 WL 3704002, at *1 (S.D.N.Y. Aug. 26, 2022). When "some sealing of a judicial document is appropriate, the Second Circuit has directed that the Court should determine whether partial redaction of the private material is a 'viable remedy,' or whether the document presents 'an all or nothing matter.'" <u>Bernstein v. Bernstein Litowitz Berger & Grossmann LLP</u>, No. 14-CV-6867 (VEC), 2016 WL 1071107, at *4 (S.D.N.Y. Mar. 18, 2016) (quoting <u>United States v. Amodeo</u>,

71 F.3d 1044, 1053 (2d Cir. 1995)). Here, partial redactions of the transcript are a viable alternative, because only a few lines of testimony in the transcript concerns confidential information about Plaintiff's medical condition or medical history. The parties are therefore directed to meet and confer and agree to proposed redactions to the transcript which should be submitted to the Court by **Friday, September 20, 2024**. If no proposed redactions are submitted to the Court, the provisional seal will expire on September 27, 2024, and the document will be publicly available.

    The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 177. The Clerk of Court is further directed to permanently seal ECF No. 179-1, such that only the parties and the Court may view the document. The Clerk of Court is directed to provisionally seal ECF No. 179-2 until **Friday, September 27, 2024**.

    **SO ORDERED.**

DATED:    New York, New York
            August 22, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge